```
           IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF KANSAS
```

**ROBERT LEE BUFFINGTON,**

                        **Petitioner,**

         v.                                **CASE NO. 05-3310-SAC**

**KAREN ROHLING, et al.,**

                        **Respondents.**

### <u>O R D E R</u>

Before the court is a pro se petition for writ of habeas corpus under 28 U.S.C. 2254, filed by a prisoner incarcerated in Larned Mental Health Correctional Facility in Larned, Kansas. The court has reviewed petitioner's limited financial resources and grants petitioner's motion for leave to proceed in forma pauperis under 28 U.S.C. 1915.

Petitioner alleges constitutional error in his 2002 conviction in Labette County District Court pursuant to petitioner's no contest plea to charges of soliciting first-degree murder, and criminal possession of a firearm. In the instant 2254 application, petitioner alleges interrelated claims that his plea was not knowing and voluntary, and that he was not competent to enter his plea. It appears petitioner exhausted state court remedies on these claims by raising them in his direct appeal.

Petitioner's habeas application also includes a claim that his trial counsel was ineffective. It is not evident that any such claim was raised or considered by the Kansas appellate

courts, and copies of state court documents submitted with the petition seem to indicate that petitioner may be currently pursuing relief on such a claim in a motion for pos-conviction relief filed under K.S.A. 60-1507 in Labette County District Court.

Petitioner may not obtain federal habeas corpus on any claim that has not been fully exhausted in the state courts, absent a showing that such remedies are unavailable or ineffective under the circumstances. 28 U.S.C. 2254(b)(1). A petition containing a mixture of exhausted and unexhausted claims is subject to dismissal without prejudice to allow petitioner to fully exhaust state court remedies on any unexhausted claim. Rose v. Lundy, 455 U.S. 509 (1982).

From the sparse information provided in the record, it appears petitioner's state conviction became final in December 2004 upon expiration of the time for seeking review by the United States Supreme Court. *See* Locke v. Saffle, 237 F.3d 1269 (10th Cir. 2001)(start date under 28 U.S.C. 2244(d)(1)(A) for running of one year limitation period includes the 90 day period for seeking certiorari review by U.S. Supreme Court). Because dismissal of a "mixed" petition in this case would not thereby foreclose petitioner from being able to timely[1] refile a petition

---

[1]The Antiterrorism and Effective Death Penalty Act (AEDPA) on April 24, 1996, imposed a one year limitation period on state prisoners seeking habeas corpus relief in federal court. 28 U.S.C. 2244(d)(1). The running of this limitation period is tolled while any properly filed state post-conviction proceeding and appeal therefrom is pending in the state courts. 28 U.S.C. 2244(d)(2). *But see* Locke v. Saffle, 237 F.3d 1269 (10th Cir. 2001)(tolling under 28 U.S.C. 2244(d)(2) for state post-

2

in which all claims have been fully exhausted, dismissal of the instant petition without prejudice would be appropriate.

However, because the information provided in the petition is far from clear, the court finds it appropriate to ask the parties to expand the record to allow a more adequate determination of both the claims being raised and the status of petitioner's post-conviction litigation in the state courts.[2] The court thus directs petitioner to supplement the petition to clarify the claims being raised and petitioner's exhaustion of state court remedies on each claim. The court also directs respondents to file a preliminary response to the petition, limited to information concerning the status of petitioner's exhaustion of

---

conviction proceedings does <u>not</u> include time for seeking certiorari review in U.S. Supreme Court). Upon termination of the state post conviction proceedings, the days remaining in the limitation period resume running. *See* <u>Smith v. McGinnis</u>, 208 F.3d 13, 16 (2nd Cir.)(AEDPA one-year period is suspended from date on which post-conviction relief application is filed until its resolution is final, one-year period then resumes running from the day on which it left off), *cert. denied*, 531 U.S. 840 (2000).

Petitioner is advised there is <u>no</u> tolling of the running of this limitation period by the filing of the instant habeas action in this court. *See* <u>Duncan v. Walker</u>, 533 U.S. 167, 181-82 (2001)(AEDPA's provision for tolling limitation period during pendency of a properly filed application for State post-conviction or other collateral review does not toll the limitation period during the pendency of a federal habeas petition).

[2]Rule 7 of the Rules Governing section 2254 Cases in the United States District Courts provides that "the judge may direct the parties to expand the record by submitting additional materials relating to the petition." Rule 7(a). The Advisory Committee Notes state that 2004 amendments to Rule 7(a) recognize that a court may wish to expand the record to assist in the decision of an issue other than the merits of the petition.

state court remedies.

IT IS THEREFORE ORDERED that petitioner is granted leave to proceed in forma pauperis.

IT IS FURTHER ORDERED that petitioner is granted twenty (20) days to supplement the petition to clarify the claims being raised, and to clarify petitioner's exhaustion of state court remedies on each claim.

IT IS FURTHER ORDERED that respondents are granted twenty (20) days to file a response that details petitioner's exhaustion of state court remedies concerning petitioner's Labette County convictions in Case No. 00-CR-164.

**IT IS SO ORDERED.**

DATED:  This 29th day of July 2005 at Topeka, Kansas.


                                         s/ Sam A. Crow
                                        SAM A. CROW
                                        U.S. Senior District Judge