IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


ROBERT LEE BUFFINGTON,

                Petitioner,

      v.                                CASE NO. 05-3310-SAC

KAREN ROHLING, et al.,

                Respondents.


**MEMORANDUM AND ORDER**

Petitioner, a prisoner incarcerated in Larned Mental Health Correctional Facility in Larned, Kansas, proceeds pro se and in forma pauperis on a petition for writ of habeas corpus under 28 U.S.C. 2254. This action was stayed by court order in September 2005 to allow petitioner to exhaust state court remedies in a pending post-conviction appeal. On May 23, 2008, the court lifted the stay and issued a show cause order to respondents. Having reviewed the record, the court denies petitioner's application for habeas corpus relief.[1]

---

[1] Before respondents filed their answer and return on July 28, 2008, petitioner submitted to this court a new pro se petition for habeas corpus relief under 28 U.S.C. § 2254. *See* Buffington v. Six, Case No. 08-3170-SAC. The court summarily dismissed that petition as duplicative to the instant petition.
    The court has also reviewed various submissions by petitioner which the court determined were not appropriate for docketing. These submissions bear no caption, title, or discernable purpose other than to discredit evidence related to the factual basis for petitioner's plea to criminal solicitation, and to cite the need for petitioner to remain compliant with his medication.

Case History

Petitioner was convicted on his no contest plea in November 2001 to charges of criminal possession of a firearm and criminal solicitation to murder. In March 2002, petitioner with the assistance of counsel filed a motion to withdraw his plea, arguing he was not competent to understand the plea he entered. The district court denied the motion after conducting a hearing, and sentenced petitioner to a prison term of 256 months. The Kansas Court of Appeals affirmed petitioner's conviction and sentence. State v. Buffington, 2004 WL 835962 (Kan.Ct.App. April 16, 2004)(unpublished opinion), *rev. denied* (September 15, 2004).

While petitioner's direct appeal was pending, petitioner pursued post-conviction relief in the state courts five times without success, generally raising claims that the charges were false, that he was set up or did not commit the offenses, and that he was incompetent and wanted to change his plea to guilty by reason of insanity. Petitioner filed no state court appeal in any of these cases.

In April 2005, petitioner filed his sixth post-conviction motion, claiming his trial counsel was ineffective and had coerced petitioner's plea. The state district court dismissed the motion as successive. This time petitioner filed an appeal, resulting in the Kansas Court of Appeals affirming the district court's decision. Buffington v. State, 2007 WL 136023 (Kan.Ct.App. January 19, 2007)(unpublished opinion), *rev. denied* (May 8, 2007).

Petitioner then filed the instant action, seeking federal habeas corpus relief on two grounds. First, petitioner claims the

2

trial court erred in not allow petitioner to withdraw his not contest plea because petitioner was not competent at the time. Second, petitioner claims his trial counsel was ineffective.

## Habeas Standard of Review

A writ of habeas corpus may not be granted under 28 U.S.C. § 2254 unless the state courts' adjudication of petitioner's claims "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or, "was based on an unreasonable determination of the facts in light of the evidence presented at trial." 28 U.S.C. § 2254(d). State court factual findings are presumed correct, absent a showing by the petitioner of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1). Habeas relief is not available to correct errors of state law; this court is bound by a state court's interpretation of its own law. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

The Supreme Court has stated that a state court decision is "contrary to" clearly established federal law "if the state court applies a rule that contradicts the governing law set forth in our cases" or if the state court "confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000). A state court decision is an unreasonable application of federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413.

Discussion

*Withdrawal of No Contest Plea*

In his direct appeal, petitioner argued the district court judge abused its discretion in not allowing petitioner to withdraw his plea of no contest because petitioner lacked the mental capacity to knowingly and voluntarily enter a plea. The district court found petitioner's plea was knowing and voluntary. The Kansas Court of Appeals affirmed that decision, finding the district court judge was clearly aware of petitioner's mental diagnosis of paranoid schizophrenia and took extra care to examine petitioner's competency before finding him competent to enter a plea.

It is fundamental that the Due Process Clause of the Fourteenth Amendment requires that a defendant knowingly and voluntarily enter a plea of no contest to criminal charges. Boykin v. Alabama, 395 U.S. 238, 242 (1969). The Supreme Court has stated that the competency standard for pleading guilty is the same competency standard for standing trial, namely whether the defendant has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and a "rational as well as factual understanding of the proceedings against him." Godinez v. Moran 509 U.S. 389, 389 (1993). The trial court must also determine whether defendant's waiver of his constitutional rights is knowing and voluntary. Id. at 420.

Whether a plea is voluntary is a question of federal law, but the legal conclusion reached rests on factual findings and inferences from those findings. Parke v. Raley, 506 U.S. 20, 35 (1992). See Ball v. Ricketts, 779 F.2d 578, 580 (10th Cir.

4

1985)(voluntariness of guilty plea presents mixed question of law and fact), *cert. denied*, 479 U.S. 870 (1986).

To the extent petitioner's claim of mental incompetence to enter a plea challenges the trial court's finding that there was no indication petitioner lacked understanding of the charges against him or the consequences of entering into a plea agreement, the court finds these factual findings are well supported by the record and entitled to a presumption of correctness. *See* Marshall v. Lonberger, 459 U.S. 422 (1983). Petitioner bears the burden of establishing clear and convincing evidence that the state court's factual determinations were erroneous. Sumner v. Mata, 449 U.S. 539, 550 (1981). Petitioner has not sustained that burden in this case.

Also, the state courts' application of the law to the trial court's findings of fact was consistent with controlling law as determined by the United States Supreme Court. The Kansas Court of Appeals noted that two separate evaluations prior to the plea hearing determined that Buffington was competent to stand trial. Quoting from Dusky v. United States, 362 U.S. 402 (1960)(per curiam), it stated the standard for determining competency to enter a plea is whether Buffington had "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding – and whether he has a rational as well as factual understanding of the proceedings against him."[2] It then determined

---

[2] The Supreme Court recently noted in Indiana v. Edwards, 128 S.Ct. 2379, 2383 (2008), that Dusky remains the relevant standard for determining a criminal defendant's mental competency to stand trial. *See also* Drope v. Missouri, 420 U.S. 162, 171

5

...

that "[o]ther than the conclusory statement that he had not been given one of his medications for 2 days prior to the [plea] hearing, Buffington provides no evidence that he did not have the capacity to enter a plea, to understand the charges against him, and to comprehend the consequences of his plea."[3]

---

(1975)(repeating Dusky standard and adding "a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial.").

[3] State v. Buffington, 2004 WL 835962 at *3. The Kansas Court of Appeals also specifically observed that:

> "[A] review of the plea hearing also indicates the district court painstakingly made sure Buffington understood and voluntarily entered his plea. Buffington's attorney waived a formal reading of the complaint, and the court advised Buffington of the possible sentencing range for both charges against him. Buffington responded that he had no questions about what he was charged with in both counts and that he understood the consequences of each charge. Buffington plead no contest to both charges. Before accepting Buffington's plea, the court advised him that he had a right to a jury trial and that he would be waiving that right if the court accepted his plea. The court also advised Buffington that he had a right to require the State to prove his guilt beyond all reasonable doubt, to confront his accusers and to cross-examine them, to challenge the introduction of the State's evidence, to present a defense, to testify, and to compel the attendance of witnesses to testify in his behalf. ...
>
> The district court was well aware of Buffington's mental disorder and the medications he was taking to combat the disorder. The court understood Buffington's defense to the crimes was lack of mental capacity. The court recorded the drugs Buffington was currently taking. Buffington gave no indication that the failure to take any one of the drugs at the time was clouding his ability to enter the plea. The court found a factual basis for the plea and that Buffington's plea was freely, knowingly, and voluntarily made. All proceedings appear to have been performed properly."

Id. at **3-4.

On this record, the court finds petitioner has failed to show the state court's refusal to allow petitioner to withdraw his no contest plea "was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court ... or ... was based on an unreasonable determination of the facts...." 28 U.S.C. § 2254(d).  Petitioner is thus entitled to no relief on his first claim.

*Ineffective Assistance of Counsel*

In his post-conviction motions, petitioner asserted various allegations of ineffective assistance by this trial counsel concerning petitioner's entry of the no contest plea.  The record makes clear, however, that petitioner failed to exhaust state court remedies on any such claim in his first five post-conviction motions, and the state district court dismissed petitioner's sixth attempt to do so as an improper successive motion pursuant to K.S.A. 60-1507(c) and Supreme Court Rule 183(d) (2006 Kan. Ct. R. Annot. 227).  The Kansas appellate courts affirmed that decision without addressing the merits of petitioner's claims.[4]

---

[4]Finding no error in the district court's summary dismissal of Buffington's sixth post-conviction motion, the Kansas Court of Appeals stated:
> "In the present case, Buffington admits he has raised the same or similar issues in prior successive collateral attacks. And he has not raised any exceptional circumstances to justify relief here; nor has he identified any facts, witnesses, or evidence that would substantiate his claims. Additionally, Buffington failed to appeal the dismissal of his original 60-1507 motion."

Buffington v. State, 2007 WL 136023 at *1.

The procedural default doctrine bars a federal court's review of a state prisoner's federal claim where the prisoner failed to give the state courts a "full and fair" opportunity to resolve that claim. as the exhaustion doctrine requires, and the prisoner cannot cure that failure because state-court remedies are no longer available. *See* O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999)(procedural default doctrine preserves integrity of the exhaustion doctrine); Coleman v. Thompson, 501 U.S. 722, 732 (1991)(a "habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion ... [because] there are no state remedies any longer 'available' to him," and, thus, that the procedural default doctrine prevents a habeas petitioner from circumventing the policy underlying the exhaustion doctrine).

In the present case, petitioner has not demonstrated any cause, prejudice, or any reason why a fundamental miscarriage of justice will occur if this court does not consider his allegations of ineffective assistance of counsel. *See* Murray v. Carrier, 477 U.S. 478, 496 (1986).  Accordingly, federal habeas review of these allegations is barred by petitioner's procedural default in presenting this claim to the state courts.

## Conclusion

For the reasons stated herein, the court denies the petition because petitioner has not demonstrated the state court's refusal to allow petitioner to withdraw his plea was contrary to or an unreasonable application of clearly established Supreme Court law, and because federal habeas review of petitioner's allegations of

8

ineffective assistance of counsel is barred by the procedural default doctrine.

IT IS THEREFORE ORDERED that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 is denied.

**IT IS SO ORDERED.**

DATED:  This 29th day of August 2008 at Topeka, Kansas.


    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge